# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Civil Action No. 14-cv-00852-CMA-NYW

WISE SPORTS NUTRITION, LLC, a Colorado limited liability company,

    Plaintiff,

v.

ISATORI, INC., a Delaware corporation,

    Defendant and Counterclaim Plaintiff.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DESCRIPTIVENESS OF WISE SPORTS' MARK

---

This matter is before the Court on Defendant iSatori, Inc.'s ("iSatori") Motion for Partial Summary Judgment. (Doc. # 15.) Because Plaintiff Wise Sports Nutrition, LLC's ("Wise Sports") GARCINIA TRIM mark is descriptive, the Court grants Defendant's Motion.

## I. BACKGROUND

In late 2012, iSatori began to formulate, market, and sell a dietary supplement called "Garcinia TRIM." (Doc. # 15, ¶ 3.) The primary active ingredient in Garcinia TRIM is Garcinia cambogia extract, and the product is designed to aid weight loss. (*Id.* at ¶ 4.) On April 22, 2013, Wise Sports filed a trademark application for "GARCINIA TRIM" in Class 005 with the United States Patent and Trademark Office ("PTO"). (Doc. # 25, ¶ 1.) On March 11, 2014, without requiring evidence of a secondary meaning, the PTO issued Registration No. 4493907 for GARCINIA TRIM in Class 005 for "[d]ietary and nutritional

supplements containing Garcinia cambogia; [w]eight management supplements containing Garcinia cambogia." (*Id.* at ¶ 2.) The registration disclaimed the term Garcinia as descriptive. (*Id.* at ¶ 3.)

On March 24, 2014, Wise Sports filed the instant litigation against iSatori alleging that iSatori engaged in trademark infringement, false designation of origin, false description and representation, and unfair competition. (Doc. # 1.) iSatori asserted counterclaims for judgment of cancellation, infringement, and unfair competition on May 7, 2014. (Doc. # 11.) On June 30, 2014, iSatori moved for partial summary judgment on the narrow issue of whether Wise Sports' GARCINIA TRIM mark is descriptive. (Doc. # 15.) On July 24, 2014, Wise Sports filed a Response (Doc. # 25), to which iSatori replied on August 11, 2014 (Doc. # 33).

## II.   STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id*. However, conclusory statements based merely on conjecture,

speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III.   DISCUSSION

iSatori contends that Wise Sports' GARCINIA TRIM mark is descriptive because (1) under applicable law, a composite mark is descriptive where its terms, fused together, plainly describe important aspects of a product; (2) there is no dispute of material fact that the plain meaning of the GARCINIA TRIM mark conveys its product's

3

primary ingredient (Garcinia) and function (to make users trim); and (3) the undisputable evidence of descriptiveness rebuts any presumption afforded by the contestable PTO registration of Wise Sports' mark. Wise Sports asserts that its GARCINIA TRIM mark is suggestive, which is directly supported by its registration of the mark on the Principle Register and, therefore, is valid.

A trademark is a distinctive mark, symbol, or emblem used by a producer or manufacturer to identify and distinguish his goods from those of others. *Educ. Dev. Corp. v. Econ. Co.*, 562 F.2d 26, 28 (10th Cir. 1977). A Patent Office certificate of registration gives rise to a presumption of the validity of the trademark. 15 U.S.C. § 1057(b); *GTE Corp. v. Williams*, 904 F.2d 536, 538 (10th Cir. 1990) (PTO's decision to register a mark without requiring proof of secondary meaning creates a rebuttable presumption that the mark is suggestive rather than descriptive). That presumption may be rebutted, however, as it is well established that the mere registration of a term as a trademark does not establish that term as a valid trademark. *National Nu Grape Co. v. Guest*, 164 F.2d 874, 876 (10th Cir. 1947). A registered trademark is not valid when the term used is merely descriptive. 15 U.S.C. § 1052(e); *Armstrong Paint & Varnish Works v. Nu-Enamel Corp.*, 305 U.S. 315, 335 (1938); *Educ. Dev. Corp.*, 562 F.2d at 28 ("A mark that is merely descriptive of the characteristics, qualities, use, or functions of the goods cannot be registered.").

The distinction between descriptive and suggestive marks "is that suggestive terms are those which require the buyer to use thought, imagination, or perception to connect the mark with the goods." *Educ. Dev. Corp.*, 562 F.2d at 29. "Descriptive

4

terms are those which directly convey to the buyer the ingredients, qualities, or characteristics of the product." *Id.* The determination of whether a mark is descriptive requires consideration of the meaning of the term to the prospective purchasers and not to the public in general. *Id.*; *see also G. Heileman Brewing Co. v. Anheuser-Busch, Inc.*, 873 F.2d 985, 995 (7th Cir. 1989) ("Consumer perception should be assessed by examining the average potential consumer in the context of the existing marketplace and exposed to the information currently available in the marketplace."). Evidence of the context in which a mark is used on labels, packages, or in advertising material directed to the goods is probative of the reaction of prospective purchasers to the mark. *Application of Abcor Dev. Corp.*, 588 F.2d 811, 814 (C.C.P.A. 1978).

Two tests that are generally applied to differentiate suggestive and descriptive marks are "imagination" and "competitor-use." The imagination test asks whether "imagination or a mental leap is required in order to reach a conclusion as to the nature of the product being referenced." *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1115 (9th Cir. 2010) (citation and quotation marks omitted). "While a descriptive term directly and clearly conveys some information about the ingredients, qualities or characteristics of the product or service, the 'suggestive' term only indirectly hints at these things." 2 McCarthy on Trademarks and Unfair Competition § 11:67 (4th ed.). Further, the competitor-use test asks whether other sellers have used the designation on similar goods. *Id.* at § 11: 69. "Extensive use of a mark by third parties might indicate that the mark is merely descriptive of a given class of products." *Zobmondo Entm't, LLC*, 602 F.3d at 1118.

In this case, the Court finds that iSatori has demonstrated that Wise Sports' GARCINIA TRIM mark is descriptive. Prospective consumers of dietary and weight-loss products would know that Garcinia is a fruit extract commonly used in weight loss products. In fact, the PTO determined that the term Garcinia is descriptive. The mark's label and advertising material further confirm that prospective consumers would know the meaning of GARCINIA TRIM.[1] For instance, in Wise Sports' advertising, GARCINIA TRIM is described as an "All Natural Rapid Weight Loss Formula" with the ingredient "Garcinia Cambogia Extract."

Evaluating the mark under the imagination test, the compound term GARCINIA TRIM requires no imagination or mental leap to reach the conclusion that the product is designed as a weight-management and dietary supplement. The dictionary defines the term "trim" as "to lose weight; become slimmer."[2] Thus, the mark's plain meaning directly and clearly conveys that the product contains an ingredient that is for losing weight or becoming slimmer. GARCINIA TRIM, therefore, directly conveys to the buyer the ingredient and purpose of the product.[3]

Moreover, the competitor-use test further supports that GARCINIA TRIM is descriptive. For instance, more than 320 applicants have applied to the PTO for

---

[1] Wise Sports asserts that prospective consumers can interpret GARCINIA TRIM as "trimming or garnishing a dish with Garcinia/tamarind." However, this argument is absurd as the labeling and advertising material confirm that prospective consumers would know the product is designed as a weight loss and dietary supplement.

[2] Oxford Dictionary, *available at* http://www.oxforddictionaries.com/us/definition/american_english/trim.

[3] The Court is not convinced of Wise Sports' contention that "[s]everal Trademark and Appeal Boards have expressly found 'trim' . . . to be suggestive for dietary and food products." The quotations Wise Sports cite are out of context and do not support its contention that GARCINIA TRIM is suggestive. *See* Pbc Supply, Inc., 2010 WL 2783889, at *2 (T.T.A.B. 2010) (discussing likelihood of confusion); Herbal Technologies Inc., 2008 WL 5454150, at *2 (T.T.A.B. 2008) (discussing the similarity and dissimilarity of marks in their appearance, sound, connotation, and commercial impression).

registration of a mark that contains the term "trim" for use in connection with dietary and nutritional supplements. This is extensive use of the mark. *See* Inv*estacorp, Inc. v. Arabian Inv. Banking Corp. (Investcorp) E.C.*, 931 F.2d 1519, 1523 (11th Cir. 1991) (finding over eighty competitors using the word "invest" in their mark as "extreme"). Thus, the Court finds that iSatori has overcome the presumption of validity that comes from registration as Wise Sports' GARCINIA TRIM mark is descriptive.

## IV. CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion for Partial Summary Judgment on Descriptiveness of Wise Sports' Mark (Doc. # 15) is GRANTED. It is

FURTHER ORDERED that Defendant's MOTION for Stay of Discovery and Deadlines or Bifurcation (Doc. # 18) is DENIED AS MOOT.

DATED: February \_\_\_\_12\_\_\_\_, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge